UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE HARRINGTON,<br><br>                              Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                              Respondent. | Case No.: 15-CV-2116-AJB (JMA)<br><br>**REPORT & RECOMMENDATION** |

Petitioner Steve Harrington ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 7.] Respondent Daniel Paramo ("Respondent") filed a motion to dismiss the Petition. [Doc. No. 15.] The motion to dismiss is opposed by Petitioner. [Doc. No. 20.] This Court has reviewed the Petition, Respondent's motion to dismiss, Petitioner's opposition, and all supporting documents. After a thorough review, this Court **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** and the Petition **DISMISSED**.

I.     PROCEDURAL BACKGROUND

*California State Courts*

On May 28, 2009, Petitioner was convicted of one count of burglary

pursuant to Cal. Penal Code § 459 in the County of San Diego, Superior Court of California, Case No. SDC216977. [Doc. No. 1, pp. 1- 2.] Petitioner directly appealed the conviction to the California Court of Appeal, which affirmed the Superior Court's conviction on March 15, 2011. [Lodgment No. 1 & 2.] On May 18, 2011, the California Supreme Court also affirmed Petitioner's conviction when it denied his petition for review. [Id.]

On December 1, 2011, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court [Case No. S198407], challenging his 2009 conviction. [Lodgment 5, pp. 2-3.] Petitioner argued his 14th Amendment Due Process rights were violated as there was insufficient evidence to support the trial court's determination that his prior out-of-state burglary was a serious felony. [Id.] On March 28, 2012, the California Supreme Court denied the petition. [Lodgment 6.]

### *Federal Courts*

On August 31, 2011, prior to filing the instant Petition, Petitioner filed Harrington v. Neotti, 11CV2016-H(MDD), another petition for writ of habeas corpus in this Court, in which he challenged his 2009 conviction and sentence in Superior Court Case No. SDC216977, arguing he was entitled to relief due to juror misconduct. [Lodgment 2, 3.] District Judge Marilyn L. Huff issued an order in that case on September 13, 2012 denying that petition on the merits. [Lodgment 2, pp. 6-7.]

Petitioner filed this action on September 21, 2015. [Doc. No. 1.] The Petition was dismissed without prejudice because Petitioner failed to satisfy the filing fee requirement. [Doc. No. 1, 2.] Proceeding *in forma pauperis*, Petitioner then filed a First Amended Petition on February 19, 2016. [Doc. No. 7.] In his First Amended Petition, Petitioner argues his 6th and 14th Amendment rights were violated in Superior Court Case No. SDC216977, and that the trial court illegally enhanced his sentence and relied upon insufficient evidence in

determining his prior out-of-state burglary conviction was a serious felony. [Doc. No. 7.] On July 13, 2016, Respondent filed a motion to dismiss arguing the Petition is both time-barred and successive under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On August 18, 2016, Petitioner filed an opposition to the motion to dismiss.

## II.  DISCUSSION

### A.  The Petition Is Time-Barred Under the AEDPA

The AEDPA's statute of limitation applies to Petitioner's claims in this Court. Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1286-1287 (9th Cir. 1997), as amended on denial of rhg. and rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on other grounds in Calderon v. U.S. District Court, 163 F.3d 530 (9th Cir. 1989), cert. denied, 523 U.S. 1063 (1999). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The period of limitation begins to run on one of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(A)-(D). In calculating the statute of limitations, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2). However, the statute of limitations does run while a federal habeas corpus petition is pending. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001)

The AEDPA statute of limitations for habeas review of Petitioner's conviction began to run on August 17, 2011, 90 days after the California Supreme Court denied Petitioner's petition for review on May 18, 2011.[1] See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Accordingly, absent any applicable tolling, Petitioner had until August 16, 2012 to file his federal petition for writ of habeas corpus. Id. Petitioner, however, filed a petition for writ of habeas corpus in the California Supreme Court on December 1, 2011, thus tolling the statute of limitations until that petition was denied on March 28, 2012. [Lodgment Nos. 5 & 6.]; See 28 U.S.C. § 2244(d)(2); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). At the time Petitioner filed his petition for writ of habeas corpus with the California Supreme Court, 106 days (August 17, 2011 to, and including, November 30, 2011) of the statute of limitations period had lapsed. The statute of limitations was then tolled during the time the petition for writ of habeas corpus was pending before the California Supreme Court (December 1, 2011 to, and including, March 28, 2012). When the statute of limitations began to run again, on March 29, 2012, 259 days remained, resulting in a deadline of December 12, 2012 for Petitioner to timely

---

[1] See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (When calculating the statute of limitations the day of the event that triggers the running of the statute of limitations is not counted. Instead the calculation of the statute of limitations period begins on the next day.)

initiate federal habeas review of his conviction in San Diego County Superior Court, Case No. SDC216977.

Petitioner did not file this case until September 21, 2015, over two years and nine months beyond the applicable statute of limitations.[2] Petitioner has also failed to prove he is entitled to equitable tolling because he has not shown "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); See also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002) (Petitioner has the burden of demonstrating the limitation period was tolled.)  As a result, Petitioner is time-barred under the AEDPA and the Petition should be dismissed. See 28 U.S.C. § 2244(d)(1).

**B.     The Petition Is Successive**

Under 28 U.S.C. § 2244, a Court is not required to consider a writ of habeas corpus when "it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application. . . ." 28 U.S.C. § 2244. A claim presented in a second or successive petition that was not presented in a prior application shall be dismissed unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

---

[2] Although Petitioner's first federal petition for writ of habeas corpus was pending from August 31, 2011 to September 13, 2012, the pendency of that action is irrelevant to the Court's analysis of the timeliness of the Petition, as an application for federal habeas relief does not toll the AEDPA's statute of limitations period. See Duncan, 533 U.S. at 181-82.

    reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Petitioner does not allege any facts to establish his new Petition satisfies the requirements of § 2244(b)(2). It does not rely on a new rule of constitutional law or contain any claims "that could not have been discovered previously through the exercise of due diligence," and does not contain facts that sufficiently establish Petitioner's innocence. <u>Id.</u>  Petitioner fails to prove the claims raised in this second Petition could not have been raised in any prior petition' accordingly, his second Petition should be considered successive. <u>See Hill v. Alaska</u>, 297 F.3d 895, 898 (9th Cir. 2002).

  Moreover, even if Petitioner had satisfied or met one or more of the exceptions of § 2244(b)(2), he must still show he has obtained an order from the Ninth Circuit authorizing this Court to consider the Petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to demonstrate any such authorization and, as a result, the Petition should be dismissed.

### III. CONCLUSION

  For the reasons set forth above, Respondent's motion to dismiss should be **GRANTED** and the Petition should be **DISMISSED**.

  This report and recommendation is submitted to the Honorable Anthony J. Battaglia, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **November 18, 2016**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **December 5, 2016**.  The parties are advised that failure to file objections within the specified

/ /

/ /

1 | time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951
2 | f.2d 1153 (9th Cir. 1991).
3 | **IT IS SO ORDERED.**
4 | Dated: November 8, 2016

_____
Honorable Jan M. Adler
United States Magistrate Judge