UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE HARRINGTON,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>DAVE DAVYS; SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　Respondents. | Case No.: 15-CV-2116-AJB-JMA<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION, (Doc. No. 22);**<br><br>**(2) GRANTING MOTION TO DISMISS, (Doc. No. 15);**<br><br>**(3) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (Doc. No. 7); AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

On September 21, 2015, Petitioner Steve Harrington ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Doc. No. 1), which he amended on February 19, 2016 ("Petition"), (Doc. No. 7). The Petition challenges Petitioner's state court conviction for burglary. On July 13, 2016, Respondent filed a motion to dismiss the Petition. (Doc. No. 15.) Petitioner filed an opposition on August 18, 2016. (Doc. No. 20.)

Magistrate Judge Jan M. Adler issued a report and recommendation ("R&R") recommending Respondent's motion be granted and the Petition be dismissed. (Doc. No. 22.) On January 23, 2017, Petitioner filed timely objections to the R&R. (Doc. No. 28.) For the reasons set forth below, the Court **ADOPTS** the R&R, (Doc. No. 22), **OVERRULES** Petitioner's objections, (Doc. No. 28), **DISMISSES** the Petition **WITH PREJUDICE**, (Doc. No. 7), and **DECLINES** to issue a certificate of appealability.

## BACKGROUND

### I. California State Court Proceedings

On May 28, 2009, Petitioner was convicted of one count of burglary in violation of California Penal Code section 459 in San Diego Superior Court, Case No. SCD216977. (Doc. No. 1 at 1–2; Lodgment No. 1 at 1.) Petitioner directly appealed his conviction to the California Court of Appeal, which affirmed the trial court's conviction on March 15, 2011. (Lodgment No. 1 at 2.) On May 18, 2011, the California Supreme Court denied Petitioner's petition for review, thus affirming his conviction. (Doc. No. 1 at 2; Lodgment No. 2 at 3.) Petitioner did not seek review with the United States Supreme Court. (*See* Doc. No. 1 at 3.)

On December 1, 2011, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, challenging his 2009 burglary conviction. (Lodgment No. 5 at 2–3.) He argued his 14th Amendment right to due process was violated, asserting there was insufficient evidence to support the trial court's determination that his prior out-of-state burglary conviction was a serious felony. (*Id.*) On March 28, 2012, the California Supreme Court denied that petition. (Lodgment No. 6 at 1.)

### II. Federal Court Proceedings

On August 31, 2011, Petitioner filed *Harrington v. Neotti*, No. 11-CV-2016-H-MDD, another petition for writ of habeas corpus. In that petition, Petitioner challenged his 2009 burglary conviction and sentence, arguing he was entitled to relief due to juror misconduct. (*See* Lodgment Nos. 2, 3.) District Judge Marilyn L. Huff issued an order denying that petition on the merits on September 13, 2012. (*See* Lodgment No. 2 at 6–7.)

Petitioner instituted the instant Petition on September 21, 2015 (Doc. No. 1.) The Petition was dismissed without prejudice for Petitioner's failure to satisfy the filing fee requirement. (Doc. No. 2.) Proceeding *in forma pauperis*, Petitioner filed a first amended petition on February 19, 2016. (Doc. No. 7.) In this Petition, Petitioner argues his Sixth and Fourteenth Amendment rights were violated in SCD216977 by the trial court illegally enhancing his sentence and relying upon insufficient evidence in determining his prior out-of-state burglary conviction was a serious felony. (*Id.* at 6–7.)

On July 13, 2016, Respondent filed a motion to dismiss, arguing the Petition is time barred and successive under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 15.) Petitioner opposed the motion on August 18, 2016. (Doc. No. 20.) On November 8, 2016, Magistrate Judge Adler issued an R&R in which he recommends the motion be granted and the Petition denied for being both time barred and successive. (Doc. No. 22.) Petitioner objected to the R&R on January 23, 2017, arguing only that the instant Petition has nothing to do with his prior federal petition. (Doc. No. 28.) This order follows.

## **LEGAL STANDARD**

The Petition is governed by the AEDPA, applying a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 & n.7 (1997)). Federal habeas relief may be granted if the state court (1) applied a rule different from the governing law provided by the United States Supreme Court; or (2) correctly identified the governing legal principle, but unreasonably applied it to the facts of the case. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The duties of the district court with respect to a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing,* 874 F.2d 614, 617–18 (9th Cir. 1989).

As to portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that a failure to file objections only relieves the district court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo. See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

## DISCUSSION

### I. *Petitioner's Objection*

Petitioner's sole objection to the R&R is that the Magistrate Judge misconstrued the subject of the Petition, namely, that the instant Petition "has no connection with the out-of-state prior conviction for [b]urglary that was filed in 2009, and was denied on March 28, 2012." (Doc. No. 28 at 2.) The Court construes Petitioner's objection as asserting that this federal Petition is not second or successive.

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition); *id.* § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, petitioners seeking relief from the district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or

successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Having reviewed the record *de novo*, it is clear the instant Petition is Petitioner's second bite at the apple to collaterally challenge his 2009 burglary conviction. Before District Judge Huff, Petitioner challenged the sentence he received in SCD216977, asserting jury misconduct, namely, that one of the jurors was sleeping during the trial. (Case No. 11-CV-2016-H-MDD, Doc. No. 1 at 6.) In the instant Petition, Petitioner again challenges his 2009 burglary conviction by asserting his Fourteenth Amendment rights were violated when the trial court "knowingly imposed an illegal sentence enhancement [] by going outside and beyond the record" and "deliberately forg[ing] the arrest charge[.]" (Doc. No. 7 at 6; *see* Doc. No. 28 at 2.)[1]

While the grounds raised in Petitioner's two federal petitions are not identical, the Court finds the instant Petition is second or successive of the first. Both petitions attack the burglary conviction and sentence he sustained in 2009. District Judge Huff denied the first petition on the merits, presuming the state appellate court's finding that the juror was not sleeping to be correct, and concluding that that court's determination was not contrary to or an unreasonable application of established federal law. (Lodgment No. 2 at 5–7.) Petitioner does not explain why he could not have alleged the instant claim of illegal sentence enhancement in his prior federal habeas petition. Furthermore, the facts upon which the instant Petition relies were readily ascertainable at the filing of his first petition. *See Johnson v. Marshall*, No. 09cv927 BTM(POR), 2010 WL 753363, at *2 (S.D. Cal. Mar. 2, 2010) ("When a federal habeas petitioner proceeds to judgment on the merits of claims presented with respect to a particular conviction, any later filed habeas corpus

---

[1] To the extent Petitioner is asserting this Petition has no relation to the petition he filed with the California Supreme Court, the Court readily rejects that assertion. Reviewing the state habeas corpus petition, that petition raised the ground that there was insufficient evidence to support the trial court's determination that Petitioner's out-of-state burglary prior was a serious felony, thus illegally enhancing his sentence. (Lodgment No. 5 at 3.)

petition attacking that same conviction is considered a 'second or successive' petition." (citing *Slack v. McDaniel*, 529 U.S. 473, 486–88 (2000))).

Petitioner makes no argument that he is entitled to an exemption from § 2244(b)(1)'s bar. Even if he did, he does not address the fact that the Ninth Circuit has not authorized him to proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). As such, the Court finds that it lacks jurisdiction to entertain the Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application" (quotation omitted)); *Johnson*, 2010 WL 753363, at *2 (same). For the foregoing reasons, the Court **OVERRULES** Petitioner's objection, **ADOPTS** the R&R, and **DISMISSES** the Petition **WITH PREJUDICE**.[2]

## II.  *Certificate of Appealability*

When a district court enters a final order adverse to the applicant in a habeas corpus

---

[2] The Court notes that even if the R&R's analysis and conclusion regarding a second or successive petition were unsound, the Court agrees with the R&R that this Petition is time barred. (Doc. No. 22 at 3–5.) The AEDPA provides a one-year statute of limitations period for prisoners who are "in custody pursuant to the judgment of a State court" to file for federal habeas relief. 28 U.S.C. § 2244(d)(1). Here, Petitioner's state judgment became final on August 16, 2011, ninety days after the California Supreme Court affirmed Petitioner's conviction on direct review. *Id.* § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). Accordingly, the statute of limitations began to run the following day, on August 17. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The limitations period continued to run for 106 days until December 1, 2011, when he filed the petition for writ of habeas corpus with the California Supreme Court. (Lodgment No. 5.) *See* 28 U.S.C. § 2244(d)(2) (exempting from the limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The period recommenced after that court denied that petition on March 28, 2012. (Lodgment No. 6 at 1.) Accordingly, Petitioner had until December 13, 2012, to timely file the instant Petition. This case was not filed until September 21, 2015, well after the statute of limitations expired. (Doc. No. 1.)

proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84. Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss the Petition and therefore **DECLINES** to issue a certificate of appealability.

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Petitioner's objection, (Doc. No. 28), **ADOPTS** the report and recommendation in full, (Doc. No. 22), **GRANTS** Respondent's motion to dismiss, (Doc. No. 15), **DISMISSES** the Petition with prejudice, (Doc. No. 7), and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: April 17, 2017

Hon. Anthony J. Battaglia
United States District Judge